UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9308 PA (ASx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Jeff Wallace v. Admediary, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

  On October 19, 2020, Michael Lingle, J. Nelson Thomas, and Conor Tallet filed Applications to Appear Pro Hac Vice on behalf of plaintiff Jeff Wallace ("Plaintiff") (Docket Nos. 19-21). The Court denied those Applications on October 23, 2020 because Adam Wolf, the attorney designated as local counsel, does not maintain an office in the Central District of California. Mr. Lingle, Mr. Thomas, and Mr. Tallet have again filed Applications to Appear Pro Hac Vice (Docket Nos. 25-27), and again identify Mr. Wolf as local counsel. Like the previous Applications to Appear Pro Hac Vice that the Court denied, the second set of Applications to Appear Pro Hac Vice list an address of 5042 Wilshire Boulevard, No. 304, for Mr. Wolf, and telephone and fax numbers with the 415 area code associated with San Francisco.

  Applicants seeking to appear pro hac vice must designate local counsel. Specifically, Local Rule 83-2.1.3.4 provides:

> Every attorney seeking to appear pro hac vice must designate as Local Counsel an attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom documents may be served. An attorney may be designated as Local Counsel only if he or she: (1) is a member of the Bar of this Court and (2) <u>maintains an office within the District for the practice of law, in which the attorney is physically present on a regular basis to conduct business</u>.

Local Rule 83-2.1.3.4 (emphasis added). Section II of the Central District's form Application to Appear Pro Hac Vice includes a certification, made under penalty of perjury by the attorney seeking to appear pro hac vice, that the attorney designated as local counsel "<u>maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business</u> . . . ." (Docket Nos. 25-27 (emphasis added).) Section III of the Applications to Appear Pro Hac Vice for designation of local counsel includes a statement by the designated local counsel providing: "I hereby consent to the foregoing designation as local counsel, <u>and declare under penalty of perjury that I maintain an office in the Central District of California for the practice of law, in which I am physically present on a regular basis to conduct business</u>." (<u>Id.</u> (emphasis added).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9308 PA (ASx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Jeff Wallace v. Admediary, LLC, et al. | | |

     Despite having twice made statements under penalty of perjury that the designated local counsel satisfies the requirements of Local Rule 83-2.1.3.4, the State Bar of California's records for Mr. Wolf appear to provide an address for him and his firm at 4 Embarcadero Center, Suite 1400, San Francisco, CA. It also appears that the 5042 Wilshire Boulevard address listed on the Applications to Appear Pro Hac Vice corresponds with the address for Wilshire Mailbox, rather than the law firm of Peiffer Wolf Carr & Kane. It therefore appears that Mr. Lingle, Mr. Thomas, Mr. Tallet, and Mr. Wolf may have violated the Local Rules and their duties of candor by attempting to obtain a pro hac vice admission by falsely designating "local counsel" who is not local because the address he has designated as his office within the Central District is not an office at which he is "physically present on a regular basis to conduct business."

     The Court therefore orders Michael Lingle, J. Nelson Thomas, Conor Tallet, and Adam Wolf to show cause in writing why they should not be sanctioned for willful, grossly negligent, reckless, or bad faith violations of the Local Rules and their duties of candor to the Court by misrepresenting where Mr. Wolf maintains an office at which he is "physically present on a regular basis to conduct business." These sanctions may include monetary sanctions of up to $2,000.00 each, referral to the State Bar and/or the Court's Standing Committee on Discipline, or other lesser sanctions. Responses to this order to show cause shall be filed by no later than November 16, 2020. The responses to the order show cause shall include declarations filed under penalty of perjury. Mr. Wolf's declaration shall include: (1) how many hours per week he physically spends in the Los Angeles office and when he first took up residency in the Los Angeles office; (2) the name of the city in which he has his permanent residence; (3) copies of any letterhead, business cards, promotional materials, or website information with his Los Angeles address, and the date on which those materials were first created; and (4) a list of any other cases (including the title of the case and case number) filed in any United States District Court in California in which Mr. Wolf was designated as local counsel on behalf of out of state lawyers. The declarations of Mr. Lingle, Mr. Thomas, and Mr. Tallet shall include the basis upon which they declared under penalty of perjury that Mr. Wolf "maintains an office in the Central District of California for the practice of law, in which the attorney is physically present on a regular basis to conduct business, as local counsel pursuant to Local Rule 83-2.1.3.4."

     IT IS SO ORDERED.